FILED by GME D.C.
INTAKE

OCT 0 5 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

# UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA

MONTGOMERY BLAIR SIBLEY,

       PLAINTIFF,

VS.

ARTHUR L. ROTHENBERG, SCOTT M. BERNSTEIN, DAVID M. GERSTEN, GERALD B. COPE, JR., MELVIA B. GREEN AND JUAN RAMIREZ,

       DEFENDANTS.
                       /

Case. No.:  **09-22994**

**COMPLAINT FOR DECLARATORY RELIEF**

**CIV - GOLD**

/ McALILEY

Plaintiff, Montgomery Blair Sibley, sues Defendants Arthur L. Rothenberg, Scott M. Bernstein, David M. Gersten, Gerald B. Cope, Jr., Melvia B. Green and Juan Ramirez and alleges:

## INTRODUCTION

By this lawsuit, Plaintiff first seeks federal district court review of the federal and Florida constitutionality of Defendants' rules and practices, both on their face and as applied, which bar and will bar Plaintiff from self-representation in matters before the Defendant Judges as those rules and practices do <u>not</u> afford adequate procedural safeguards to ensure that Plaintiff's right to access court is protected.

Second, by this lawsuit, Plaintiff seeks federal district court review of the federal and Florida constitutionality of the rules and practices, both on their face and as applied, of Defendant Judges Gersten, Cope, Green and Ramirez which have permitted and will permit these judges of Florida's Third District Court of Appeal to decide matters anonymously.

Third, by this lawsuit, Plaintiff seeks federal district court review of the federal and Florida

1

constitutionality of the rules and practices, both on their face and as applied, of Defendant Judges Rothenberg, Bernstein, Gersten, Cope and Green which have permitted and will permit these Defendants to act as state judicial actors without having been qualified to be elected as such.

Fourth, by this lawsuit, Plaintiff seeks federal district court review of the federal and Florida constitutionality of the rules and practices, both on their face and as applied, of Defendant Judges Rothenberg, Bernstein, Gersten, Cope and Green which have allowed and will allow these Defendants to sit in judgment of their own competence in violation of the right to an impartial tribunal and the fundamental obligation of *nemo judex parte sua*.

Fifth, by this lawsuit, Plaintiff seeks federal district court review of the federal and Florida constitutionality of the rules and practices, both on their face and as applied, of Defendant Rothenberg which has permitted and will permit this Defendant to improperly delegate his judicial authority to counsel by his practice of adopting *verbatim* proposed orders containing findings of fact and conclusions of law – without making findings or conclusions on the record that would form the basis for the party's proposed orders – often without allowing the opposing party to view and/or comment on the proposed orders.

Last, by this lawsuit, Plaintiff seeks federal district court review of the federal and Florida constitutionality of the rules and practices, both on their face and as applied, of Defendant Judges which have allowed and will allow their rendering of legal decisions which <u>fail</u> to "says what the law is" thereby improperly removing the constraint of *stare decisis* and thus allowing these Defendants an unfettered approach to tyranny and the exercise of arbitrary power, to the exercise of mere discretion, and to the abandonment of all the just checks upon judicial authority.

2

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to: (i) Article III and the Ninth Amendment of the United States Constitution, (ii) the provisions of 28 U.S.C. §1331,§1343(a)(3) and (4), §2201 and §2202 and 42 U.S.C. §1983, and (iii) the provisions of 28 U.S.C. §1367.

2.      Venue in this district is proper under  28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to the claims herein occurred in this Court's district.

### PARTIES

3.      Plaintiff Montgomery Blair Sibley is a citizen of the United States and a resident of the District of Columbia.

4.      Defendant Arthur L. Rothenberg is a Judge in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida and is a resident of Florida.

5.      Defendant Scott M. Bernstein is a Judge in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida and is a resident of Florida.

6.      Defendant David M. Gersten is a Judge in the Florida Third District Court of Appeal and is a resident of Florida.

7.      Defendant Gerald B. Cope, Jr. is a Judge in the Florida Third District Court of Appeal and is a resident of Florida.

8.      Defendant Melvia B. Green is a Judge in the Florida Third District Court of Appeal and is a resident of Florida.

9.      Defendant Juan Ramirez is presently the Chief Judge in the Florida Third District Court of Appeal and is a resident of Florida.

3

### GENERAL ALLEGATIONS

10.     Defendant Arthur L. Rothenberg:

        a.     Defendant Rothenberg is the judge assigned to the matter of *In Re: Estate of Harper Sibley, Jr.*, Case No.: 09-2426 CP 05 ("Estate matter"), now pending in the Probate Division of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida. Plaintiff is an "interested person" in that matter as he is a beneficiary of his Father's estate who has not received a complete distribution.

        b.     On September 1, 2009, Plaintiff moved to disqualify Defendant Rothenberg in the Estate matter challenging his election for failure to comply with the notarial requirement of Florida Statute §876.05(1). On September 3, 2009, Defendant Rothenberg denied that motion without explanation. Plaintiff moved for clarification of the order denying the motion to disqualify which Defendant Rothenberg denied without explanation on September 15, 2009.

        c.     Upon the motion of the Personal Representative of the Estate to bar Plaintiff from self-representation in the Estate matter, Defendant Rothenberg granted that motion on September 9, 2009, notwithstanding that Plaintiff established his inability to afford counsel. At the hearing, Defendant Rothenberg simply stated that the Personal Representative's motion was granted but then signed *verbatim* the proposed, two (2) page order of the Personal Representative which contained findings of fact and conclusions of law and without allowing Plaintiff to view and/or comment on the proposed order.

        d.     At another hearing on the motion of the Personal Representative of the Estate to bar Plaintiff from self-representation in the Estate matter, Defendant Rothenberg granted that motion on September 30, 2009. At the hearing, Defendant Rothenberg again simply stated that the

4

Personal Representative's motion was granted and then signed *verbatim* the proposed, two (2) page order of the Personal Representative which contained findings of fact and conclusions of law and without allowing Plaintiff to view and/or comment on the proposed order.

11.     Defendant Scott M. Bernstein:

a.     Defendant Bernstein is the judge presently assigned to the matter of *Sibley v. Sibley*, Case No.: 94-18177 FC 28 ("Family Court matter") pending in the Family Division of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida.  Plaintiff here is the Respondent in that Family Court case.

b.     On January 23, 2006, a prior judge in the Family Court matter adopted *verbatim* a proposed, four (4) page order of opposing counsel which contained findings of fact and conclusions of law – without making findings or conclusions on the record that would form the basis for the party's proposed order – and without allowing Plaintiff to view and/or comment on the proposed order.  That order stated in pertinent part: "The Court finds that the dual conditions to bringing a lawsuit by Mr. Sibley of affiliating an attorney licensed to practice in the State of Florida and posting a bond as security for any attorneys' fee award to be reasonable conditions given the findings by multiple courts that Montgomery Blair Sibley is a vexatious litigant."

c.     On June 30, 2008, Plaintiff moved to disqualify Defendant Bernstein from further involvement in the Family Court matter challenging his election for failure to comply with the notarial requirement of Florida Statute §876.05(1).  On July 14, 2008, Defendant Bernstein denied the motion to disqualify without explanation.

d.     On July 31, 2008, Plaintiff sought permission to initiate a *Quo Warranto* lawsuit against, among other, Defendants Bernstein, Gersten, Cope and Green, challenging their

elections for failure of each to comply with the notarial requirement of Florida Statute §876.05(1). On August 13, 2008, Defendant Bernstein denied the motion without explanation based upon the January 23, 2006, order.

        e.      On September 29, 2009, Plaintiff made an Emergency Motion For Relief from the January 23, 2006, Order to Defendant Bernstein which matter is now pending.

        12.     Defendants David M. Gersten, Gerald B. Cope, Jr.,and Melvia B. Green:

        a.      On November 3, 2004, Defendants Gersten, Cope, and Green entered an order in *Sibley v. Sibley*, 885 So.2d 980 (Fla.App. 3 Dist. 2004)(hereinafter "No. 3D03-2083") holding in pertinent part: "We direct the clerk of this court to reject any further filings in this court on the former husband's behalf unless signed by a member of the Florida Bar (other than the former husband.)"

        b.      On June 16, 2008, Plaintiff moved to vacate the order in No. 3D03-2083 alleging that Defendants Gersten, Cope and Green had failed to take the "loyalty oath" required by federal and Florida Constitutional and statutory law.  On June 27, 2008, in an unsigned opinion, anonymous judges of the Florida Third District Court of Appeal denied Plaintiff's motion to vacate holding: "Upon consideration, appellant's 'Motion to Vacate as Void all Orders Entered in the Above Case' is rejected as violating this Court's prohibition on self-representation as set forth in *Sibley v. Sibley*, 885 So. 2d 980 (Fla. 3DCA 2004)."

        c.      Plaintiff then moved for re-consideration of the June 27, 2008, Order "rejecting" his Motion to Vacate alleging that Defendants Gersten, Cope and Green each failed to properly execute the Florida Statute §876.05(1) "Oath of Candidates" thereby rendering their respective elections void and thus their decision in *Sibley v. Sibley*, 885 So. 2d 980 (Fla. 3DCA

2004) likewise void as entered by an incompetently constituted tribunal.  On July 10, 2008, again in an unsigned opinion, anonymous judges of the Florida Third District Court of Appeal denied Plaintiff's motion for re-consideration.

        d.      On September 2, 2008, in the Florida Third District of Appeal case of *Sibley v. Sibley*, Case No.: 3D06-1057, Plaintiff made a motion to identify the judges assigned to the panel in that matter who were deciding motions.  On September 11, 2008, in an unsigned opinion, anonymous judges of the Florida Third District Court of Appeal denied Plaintiff's motion to identify the judges assigned to the panel.

        e.      Plaintiff is planning to file a writ of prohibition and certiorari with the Florida Third Court of Appeal seeking (i) the disqualification of Defendant Rothenberg for his violation of Florida Statute §876.05(1) and the holding of *Perlow v. Berg-Perlow*, 875 So.2d 383 (Fla.2004) for entering *verbatim* in the Estate Case proposed orders submitted by the Personal Representative's counsel <u>without</u> affording Plaintiff an opportunity to review the proposed orders and (ii) denying to Plaintiff self representation in the Estate matter.

**FIRST CLAIM**
**DECLARATORY RELIEF**
(*Denial of Access to Court*)

      13.    Plaintiff re-alleges paragraphs 1 through 12 and incorporates them herein by reference.

      14.    Though presented with proof of Plaintiff's indigent status, Defendants Rothenberg and Bernstein have denied and/or will deny Plaintiff access to court for redress of his grievances.

      15.    Given the on-going and future matters that Plaintiff has or will have pending before Defendants Rothenberg and Bernstein, the threat that Plaintiff cannot, and will not, be allowed

access to court is real, immediate, and continuing.

WHEREFORE, Plaintiff requests that this Court:

A.    Assume jurisdiction of this claim;

B.    Declare that Defendants Rothenberg and Bernstein have violated Plaintiff's fundamental, constitutional and statutory right to access court;

C.    Declare that Defendants Rothenberg and Bernstein will violate Plaintiff's fundamental, constitutional and statutory right to access court if they continue to deny Plaintiff access to court;

D.    Retain jurisdiction of this matter to enforce this declaratory degree if subsequently violated by Defendants Rothenberg and/or Bernstein;

E.    Awarding reasonable costs, disbursements and attorney fees pursuant to 42 U.S.C. §1988; and

F.    Enter such other and further relief as the Court deems just and proper.

### SECOND CLAIM
### DECLARATORY RELIEF
*(Anonymous Judicial Actors)*

16.    Plaintiff re-alleges paragraphs 1 through 12 and incorporates them herein by reference.

17.    The Human Rights Committee of the United Nations has recognized that trial by "faceless judges" contravenes Article 14(1) of the Covenant on Civil and Political Rights which the United States ratified in 1992.

18.    Legal commentators have recognized that an anonymous judiciary is an anathma to the concept of justice. *See: Wall Street Journal,* November 18, 1993, ("Alan Dershowitz, Harvard

Law School Professor stated , ". . . but it is totally antagonistic to the American justice system to have an anonymous judge.").

19.      It is the practice and policy of the Third District Court of Appeal not to identify the judges ruling on motions at any time.  Additionally, that policy also precludes identification of the judges assigned to a panel until the oral argument, if any, or the issuance of a decision.

20.      Such a policy practically precludes Plaintiff from challenging the impartiality or competence of the judges assigned to and determining his matters as he does not know – nor can he find out – the identity of those judges who are ruling on his matters.

21.      Given the on-going and future matters that Plaintiff has or will have pending before the Florida Third District Court of Appeal, the threat that the Plaintiff cannot, and will not, receive a fair hearing before an impartial and identified tribunal is real, immediate, and continuing.

WHEREFORE, Plaintiff requests that this Court:

A.      Assume jurisdiction of this claim;

B.      Declare that the practice and policy of the Third District Court of Appeal not to ever identify the judges ruling on motions or the panel assigned to a case until the oral argument, if any, or the issuance of a decision violated and/or will violate Plaintiff's federal and Florida constitutional and/or statutory right to an impartial and identified tribunal;

C.      Retain jurisdiction of this matter to enforce this declaratory degree if subsequently violated by Defendant Ramirez who is presently the Chief Judge in the Florida Third District Court of Appeal;

D.      Awarding reasonable costs, disbursements and attorney fees pursuant to 42 U.S.C. §1988; and

9

E.      Enter such other and further relief as the Court deems just and proper.

### THIRD CLAIM
### DECLARATORY RELIEF
*(Violation of Florida Statute §876.05 – Oath of Candidates)*

22.      Plaintiff re-alleges paragraphs 1 through 12 and incorporates them herein by reference.

23.      Florida Statute §876.05(1) requires that each candidate for public office in Florida properly and timely: "take an oath **before any person** duly authorized to take acknowledgments of instruments for public record in the state **before** their name can appear on the ballot."

24.      Defendants Rothenberg, Bernstein, Gersten, Cope and Green each <u>failed</u> to properly execute the §876.05(1) "Oath of Candidates" **before any person** duly authorized prior to their respective judicial elections.  A copy of the  §876.05(1) "Oath of Candidates" for  Defendants Rothenberg, Bernstein, Gersten, Cope and Green is attached hereto as Composite Exhibit "A".

25.      Given the on-going and future matters that Plaintiff has or will have pending before Defendants Rothenberg, Bernstein, Gersten, Cope, and Green, the threat that the Plaintiff cannot, and will not, receive a fair hearing before an impartial and competently constituted tribunal is real, immediate, and continuing.

WHEREFORE, Plaintiff requests that this Court:

A.      Assume jurisdiction of this claim;

B.      Declare that Defendants Rothenberg, Bernstein, Gersten, Cope and Green have violated Plaintiff's federal and Florida constitutional and/or statutory right to a competently constituted tribunal by not complying with Florida Statute §876.05(1);

C.      Declare that Defendants Rothenberg, Bernstein, Gersten, Cope and Green will violate

10

Plaintiff's federal and Florida constitutional and/or statutory right to a competently constituted tribunal by not complying with Florida Statute §876.05(1) if they adjudicate any matter to which Plaintiff is a party in the future;

      D.     Retain jurisdiction of this matter to enforce this declaratory degree if subsequently violated by Defendants Rothenberg, Bernstein, Gersten, Cope and/or Green;

      E.     Awarding reasonable costs, disbursements and attorney fees pursuant to 42 U.S.C. §1988; and

      F.     Enter such other and further relief as the Court deems just and proper.

## FOURTH CLAIM
## DECLARATORY RELIEF
### (*Violation of Fundamental Obligation of Nemo Judex Parte Sua*)

      26.     Plaintiff re-alleges paragraphs 1 through 12 and incorporates them herein by reference.

      27.     Defendants Rothenberg, Bernstein, and, after a reasonable opportunity for further investigation or discovery Plaintiff will establish that, Defendants Gersten, Cope and Green, each sat in judgment on the question of whether their respective failures to take the §876.05(1) "Oath of Candidates" voided their respective elections as Florida State Judicial actors.

      28.     The fundamental obligation of *nemo judex parte sua* and the common law as detailed in the recent holding of the United States Supreme Court in *Caperton v. A. T. Massey Coal Co., Inc.*, 060809 FEDSC, 08-22, singularly and collectively barred – "due to the probability of actual bias on the part of the judge or decision maker" – Defendants Rothenberg, Bernstein, Gersten, Cope and Green from deciding their own competence to sit as judges when their respective decisions related to their respective failures to comply with §876.05(1) "Oath of Candidates" and by denying the

11

motion thereby gave each of them immunity from criminal sanctions for their violation of §876.05(1).

29.     Given the on-going and/or future matters that Plaintiff has or will have pending before Defendants Rothenberg, Bernstein, Gersten, Cope and/or Green, the threat that Plaintiff cannot, and will not, receive a fair hearing before an impartial and competently constituted tribunal is real, immediate, and continuing.

WHEREFORE, Plaintiff requests that this Court:

A.     Assume jurisdiction of this claim;

B.     Declare that Defendants Rothenberg, Bernstein, Gersten, Cope and Green have violated Plaintiff's federal and Florida constitutional and/or common law right to an impartial tribunal when they each decided their own competence to sit as state judicial actors when presented with a motion for disqualification based upon their respective failures to comply with Florida Statute §876.05(1) "Oath of Candidates";

C.     Declare that Defendants Rothenberg, Bernstein, Gersten, Cope and Green will violate Plaintiff's federal and Florida constitutional and/or common law right to an impartial tribunal if they again each decide their own competence to sit as state judicial actors when they adjudicate any matter to which Plaintiff is a party in the future for their respective failures to comply with Florida Statute  §876.05(1) "Oath of Candidates";

D.     Retain jurisdiction of this matter to enforce this declaratory degree if subsequently violated by Defendants Rothenberg, Bernstein, Gersten, Cope and/or Green;

E.     Awarding reasonable costs, disbursements and attorney fees pursuant to 42 U.S.C. §1988; and

F.      Enter such other and further relief as the Court deems just and proper.

### FIFTH CLAIM
### DECLARATORY RELIEF
(*Improper Delegation of Judicial Authority* )

30.     Plaintiff re-alleges paragraphs 1 through 12 and incorporates them herein by reference.

31.     Defendant Rothenberg adopted *verbatim* proposed orders containing findings of fact and conclusions of law – without making findings or conclusions on the record that would form the basis for the party's proposed orders – without allowing Plaintiff  to view and comment on the proposed orders.

32.     By this practice, Defendant Rothenberg has improperly delegated his judicial authority and abdicated his obligation to make independent findings of fact and conclusions of law thereby denying to Plaintiff his due process right to an impartial tribunal.

33.     Given the on-going and/or future matters that Plaintiff has or will have before Defendant Rothenberg, the threat that the Plaintiff will continue to suffer from the constitutionally impermissible delegation of judicial authority by Defendant Rothenberg is real, immediate, and continuing.

WHEREFORE, Plaintiff requests that this Court:

A.      Assume jurisdiction of this claim;

B.      Declare that  Defendant Rothenberg has violated Plaintiff's federal and Florida constitutional and/or common law right to an impartial tribunal by his practice of adopting *verbatim* proposed orders containing findings of fact and conclusions of law – without making findings or conclusions on the record that would form the basis for the party's proposed orders – without

13

allowing Plaintiff to view and comment on the proposed orders;

C.    Declare that Defendant Rothenberg will violate Plaintiff's federal and Florida constitutional and/or common law right to an impartial tribunal by his practice of adopting *verbatim* proposed orders containing findings of fact and conclusions of law – without making findings or conclusions on the record that would form the basis for the party's proposed orders – without allowing Plaintiff to view and comment on the proposed orders if he issues such orders in the future;

D.    Retain jurisdiction of this matter to enforce this declaratory degree if subsequently violated by Defendant Rothenberg;

E.    Awarding reasonable costs, disbursements and attorney fees pursuant to 42 U.S.C. §1988; and

F.    Enter such other and further relief as the Court deems just and proper.

## SIXTH CLAIM
### DECLARATORY RELIEF
(*Failure to "Say What the Law Is"*)

34.    Plaintiff re-alleges paragraphs 1 through 12 and incorporates them herein by reference.

35.    Defendants Rothenberg, Bernstein, and, after a reasonable opportunity for further investigation or discovery Plaintiff will establish that, Defendants Gersten, Cope and Green each sat in judgment on the question of whether their respective failure to take the §876.05(1) "Oath of Candidates" voided their respective elections as Florida State Judicial actors.

36.    In denying the Plaintiff's motions to disqualify Defendants Rothenberg, Bernstein, Gersten, Cope and Green each Defendant failed to "say what the law is" on the question of whether the failure of a judge to comply with §876.05(1) "Oath of Candidates" voided their respective

elections as Florida State Judicial actors.

37.     It is emphatically the province and duty of the judicial department to say what the law

is. Those who apply the rule to particular cases, must of necessity expound and interpret that rule.

If two laws conflict with each other, the courts must decide on the operation of each.

38.     Given the on-going and/or future matters that Plaintiff has or will have before

Defendants Rothenberg, Bernstein, Gersten, Cope and/or Green, the threat that these Defendants

will not issue written decisions detailing "what the law is" is real, immediate, and continuing.

WHEREFORE, Plaintiff requests that this Court:

A.     Assume jurisdiction of this claim;

B.     Declare that Defendants Rothenberg, Bernstein, Gersten, Cope and Green have

violated Plaintiff's federal and Florida constitutional and/or common law right to a decision which

"says what the law is";

C.     Declare that Defendants Rothenberg, Bernstein, Gersten, Cope and Green will violate

Plaintiff's federal and Florida constitutional and/or common law right to a decision which "says what

the law is" if they issue such opinions in the future;

D.     Retain jurisdiction of this matter to enforce this declaratory degree if subsequently

violated by Defendants Rothenberg, Bernstein, Gersten, Cope and/or Green;

E.     Awarding reasonable costs, disbursements and attorney fees pursuant to 42 U.S.C.

§1988; and

F.     Enter such other and further relief as the Court deems just and proper.

**MONTGOMERY BLAIR SIBLEY**
3700 Massachusetts Ave, NW, #519
Washington, D.C. 20016-5808
Voice: 202-248-3973
Fax:    202-478-0371
Email: mbsibley@gmail.com

By: _____
                Montgomery Blair Sibley

FILED

OFFICE USE ONLY

06 MAY -8 PM 4: 47

SECRETARY OF STATE

## JUDICIAL OFFICES
## LOYALTY OATH

(Sections 876.05-876.10, Florida Statutes)

**STATE OF FLORIDA**　　Miami — Dade　COUNTY

(PLEASE PRINT)

I, **ArThur** | **L.** | **ROTHENBERG**

First Name | Middle Name/Initial | Last Name

a citizen of the State of Florida and of the United States of America, . . . and a candidate for public office . . . do hereby solemnly swear or affirm that I will support the Constitution of the United States and of the State of Florida.

## OATH OF CANDIDATE

(Section 99.021, Florida Statutes)

I, **ArThur RoThenberg**

(PLEASE PRINT NAME AS YOU WISH IT TO APPEAR ON THE BALLOT — NAME MAY NOT BE CHANGED AFTER THE END OF QUALIFYING)

am a candidate for the judicial office of **CircuiT CourT Judge**, **3RDL D.C.A.J**, **11Th**

　　　　　　　　　　　　　　　　　　　　　　(office)　　　　　(district)　　(circuit)

**O47** . My legal residence is **MIAMI—DADE** County, Florida. I am a qualified elector

(group)

of the state and of the territorial jurisdiction of the court to which I seek election. I am qualified under the Constitution and the Laws of Florida to hold the office to which I desire to be elected or in which I desire to be retained. I have qualified for no other public office in the state, the term of which office or any part thereof runs concurrent with the office I seek; and I have resigned from any office which I am required to resign pursuant to Section 99.012, Florida Statutes.

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING LOYALTY OATH AND OATH OF CANDIDATE AND THAT THE FACTS STATED IN EACH ARE TRUE.

**SIGN HERE**　**X** ~~Arthur Rothenberg~~

Signature of Candidate

**73 W. Flagler St.,** | **(305)349-7117** | **(305)349-7119**

Mailing Address | Day Phone | Fax Number

**MIAMI** | **FLA.** | **33130** | **4-28-06**

City | State | Zip Code | Date Signed

DS-DE 26 (Rev. 08/03)

Composite Exhibit "A"

# JUDICIAL OFFICES
# LOYALTY OATH

(Sections 876.05-876.10, Florida Statutes)

OFFICE USE ONLY

RECEIVED
DEPARTMENT OF STATE
04 MAY -3 PM 3: 37
DIVISION OF ELECTIONS
TALLAHASSEE FLORIDA

STATE OF FLORIDA

_Miami - Dade_ COUNTY FLORIDA

(PLEASE PRINT)

| I, | Scott | MARCUS | Bernstein |
|---|---|---|---|
| | First Name | Middle Name/Initial | Last Name |

a citizen of the State of Florida and of the United States of America, . . . and a candidate for public office . . . do hereby solemnly swear or affirm that I will support the Constitution of the United States and of the State of Florida.

# OATH OF CANDIDATE

(Section 99.021, Florida Statutes)

I, _Scott Bernstein_

(PLEASE PRINT NAME AS YOU WISH IT TO APPEAR ON THE BALLOT — NAME MAY NOT BE CHANGED AFTER THE END OF QUALIFYING)

am a candidate for the judicial office of _Circuit Judge_ , _____ , _11th Judicial Circuit_

(office)        (district)        (circuit)

_10_ . My legal residence is _Miami - Dade_ County, Florida. I am a qualified elector

(group)

of the state and of the territorial jurisdiction of the court to which I seek election. I am qualified under the Constitution and the Laws of Florida to hold the office to which I desire to be elected or in which I desire to be retained. I have qualified for no other public office in the state, the term of which office or any part thereof runs concurrent with the office I seek; and I have resigned from any office which I am required to resign pursuant to Section 99.012, Florida Statutes.

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING LOYALTY OATH AND OATH OF CANDIDATE AND THAT THE FACTS STATED IN EACH ARE TRUE.

**SIGN HERE**   **X**   _____

Signature of Candidate

| 1385 NW 12th St #711 | 305 548-5769 | 305 891-7282 |
|---|---|---|
| Mailing Address | Day Phone | Fax Number |
| Miami | Florida | 33125 | 4/30/04 |
| City | State | Zip Code | Date Signed |

DS-DE 26 (Rev. 08/03)

# JUDICIAL OFFICES LOYALTY OATH

### (Sections 876.05-876.10, Florida Statutes)

FILED

02 MAY 16  AM 9:55

SECRETARY OF STATE

STATE OF FLORIDA _____ Miami-Dade _____ COUNTY

(Please Print)

| I, | David | M. | Gersten |
|---|---|---|---|
| | First Name | Middle Name/Initial | Last Name |

a citizen of the State of Florida and of the United States of America, . . . and a candidate for public office . . . do hereby solemnly swear or affirm that I will support the Constitution of the United States and of the State of Florida.

## OATH OF CANDIDATE
### (Section 99.021, Florida Statutes)

I, ___David M. Gersten_____

**(PLEASE PRINT NAME AS YOU WISH IT TO APPEAR ON THE BALLOT — NAME MAY NOT BE CHANGED AFTER THE END OF QUALIFYING)**

am a candidate for the judicial office of Appellate Judge , Third , _____

        (office)      (district)    (circuit)

_____ . My legal residence is ___Miami-Dade_____ County, Florida. I am

(group)

a qualified elector of the state and of the territorial jurisdiction of the court to which I seek election. I am qualified under the Constitution and the Laws of Florida to hold the office to which I desire to be retained. I have qualified for no other public office in the state, the term of which office or any part thereof runs concurrent with the office I seek; and I have resigned from any office from which I am required to resign pursuant to Section 99.012, Florida Statutes.

**UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING LOYALTY OATH AND OATH OF CANDIDATE AND THAT THE FACTS STATED IN EACH ARE TRUE.**

**SIGN HERE**    X _David M. Gersten_____

                               Signature of Candidate

| 2001 S.W. 117th Avenue | (305 )229-3200 | (305 )229-3206 |
|---|---|---|
| Mailing Address | Day Phone | Fax Number |

| Miami, Florida | 33175 | | 05/14/02 |
|---|---|---|---|
| City | State | Zip Code | Date Signed |

DS-DE 26 (Rev. 8/99)

87

35244

# JUDICIAL OFFICES LOYALTY OATH

*FILED*

*02 MAY 13 PM 12: 04*

*SECRETARY OF STATE*

(Sections 876.05-876.10, Florida Statutes)

**STATE OF FLORIDA** _____ **COUNTY**

(PLEASE PRINT)

| I, | MELVIA | B. | GREEN |
|---|---|---|---|
| | **First Name** | **Middle Name/Initial** | **Last Name** |

a citizen of the State of Florida and of the United States of America, . . . and a candidate for public office . . . do hereby solemnly swear or affirm that I will support the Constitution of the United States and of the State of Florida.

## OATH OF CANDIDATE

(Section 99.021, Florida Statutes)

I,    MELVIA B. GREEN

(PLEASE PRINT NAME AS YOU WISH IT TO APPEAR ON THE BALLOT — NAME MAY NOT BE CHANGED AFTER THE END OF QUALIFYING)

am a candidate for the judicial office of    APPELLATE JUDGE    ,    THIRD    ,    _____    ,

(office)                          (district)                    (circuit)

_____ .  My legal residence is    DADE    County, Florida.  I am a qualified elector

(group)

of the state and of the territorial jurisdiction of the court to which I seek election.  I am qualified under the Constitution and the Laws of Florida to hold the office to which I desire to be elected or in which I desire to be retained.  I have qualified for no other public office in the state, the term of which office or any part thereof runs concurrent with the office I seek; and I have resigned from any office which I am required to resign pursuant to Section 99.012, Florida Statutes.

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING LOYALTY OATH AND OATH OF CANDIDATE AND THAT THE FACTS STATED IN EACH ARE TRUE.

**SIGN HERE**   **X**   *Melvia B. Green*

Signature of Candidate

2001 S.W. 117 AVENUE _____    ( 305  )229-3200    ( 305 )229-3206

**Mailing Address**                    **Day Phone**          **Fax Number**

MIAMI          FLORIDA          33175          MAY 1, 2002

**City**            **State**          **Zip Code**          **Date Signed**

DS-DE 26 (Rev. 8/99)

35221

# JUDICIAL OFFICES LOYALTY OATH FILED

(Sections 876.05-876.10, Florida Statutes)

02 MAY 13 PH 12: 00

**STATE OF FLORIDA**                                      Miami-Dade COUNTY
SECRETARY OF STATE

(PLEASE PRINT)

| I, | Gerald | B. | Cope, Jr. |
|----|--------|-----|-----------|
|    | First Name | Middle Name/Initial | Last Name |

a citizen of the State of Florida and of the United States of America, . . . and a candidate for public office . . .   do hereby solemnly swear or affirm that I will support the Constitution of the United States and of the State of Florida.

# OATH OF CANDIDATE

(Section 99.021, Florida Statutes)

I,   Gerald B. Cope, Jr.

(PLEASE PRINT NAME AS YOU WISH IT TO APPEAR ON THE BALLOT — NAME MAY NOT BE CHANGED AFTER THE END OF QUALIFYING)

am a candidate for the judicial office of    Judge            Third

(office)            (district)            (circuit)

_____ .  My legal residence is   Miami-Dade   County, Florida.  I am a qualified elector

(group)

of the state and of the territorial jurisdiction of the court to which I seek election.  I am qualified under the Constitution and the Laws of Florida to hold the office to which I desire to be elected or in which I desire to be retained.  I have qualified for no other public office in the state, the term of which office or any part thereof runs concurrent with the office I seek; and I have resigned from any office which I am required to resign pursuant to Section 99.012, Florida Statutes.

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING LOYALTY OATH AND OATH OF CANDIDATE AND THAT THE FACTS STATED IN EACH ARE TRUE.

**SIGN HERE**   X   _(signature)_

Signature of Candidate

3206

Mailing Address                      Day Phone            Fax Number

May 4, 2002

City            State            Zip Code            Date Signed

DS-DE 26 (Rev. 8/99)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 04-22984-CIV-JORDAN

MONTGOMERY BLAIR SIBLEY,                          )
individually and on behalf of his son,            )
ALEXANDER BLAIR SIBLEY, and                       )
RODRIGUEZ & SIBLEY, L.L.P., a Virginia            )
Limited Liability Partnership,                    )
                                                  )
                Plaintiffs                        )
                                                  )
vs.                                               )
                                                  )
GERALD B. COPE, JR., MELVIA B.                    )
GREEN, DAVID M. GERSTEN, DAVID L.                 )
LEVY and ROBERT L. SHEVIN both in                 )
their capacities as Judges of the Florida Third  )
District Court of Appeal and personally;          )
MARY CAY BLANKS, Clerk of the Florida            )
Third District Court of Appeal, solely in her     )
capacity as Clerk of that Court; THE              )
FLORIDA THIRD DISTRICT COURT OF                   )
APPEAL; and THE STATE OF FLORIDA,                 )
                                                  )
                Defendants                        )
                                                  )

### ORDER ON MOTION FOR SANCTIONS

The motion for sanctions filed by judges Gerald B. Cope, Melvia B. Green, David M. Gersten, David L. Levy, Robert L. Shevin, the Florida Third District Court of Appeal, and Mary Cay Blanks, Clerk of the Florida Third District Court of Appeal, against the plaintiffs [D.E. 73] is GRANTED.

#### BACKGROUND

The amended complaint, filed by Montgomery Blair Sibley, on behalf of himself and his son Alexander Blair Sibley, and Rodriguez & Sibley, LLP (Mr. Sibley's law firm), stems from opinions and orders issued by the Florida Third District Court of Appeal in a dissolution case involving Mr. Sibley and his former wife, Barbara Sibley.[1] In *Sibley v. Sibley,* 885 So.2d 980 (Fla. 3d DCA 2004)

---

[1]In their amended complaint, discussed below, the plaintiffs raise 15 claims for declaratory relief and/or damages against five Third District judges, the Third District, the Clerk of the Third District, and the State of Florida.

(*Sibley I*), the Third District rejected numerous arguments advanced by Mr. Sibley, and affirmed various rulings made by the trial court (e.g., ordering Mr. Sibley to pay Ms. Sibley's attorney's fees, requiring Mr. Sibley to reimburse Ms. Sibley for the tuition expenses of two of their children).

Mr. Sibley, representing himself, pro se, and his co-plaintiffs, filed a 15-count complaint essentially alleging under 42 U.S.C. § 1983 that the Third District's decision to restrict future pro se filings by Mr. Sibley (including any filings by him on behalf of his law firm, Rodriguez & Sibley, LLP) unless signed by a member of the Florida Bar, as well as the Third District's subsequent denial of his petition for *en banc* rehearing of *Sibley I* are unconstitutional. The plaintiffs sought declaratory relief -- namely, for this court to render *Sibley I* unconstitutional and "to enforce such decree against the Third District, its judges, the Clerk, and the State of Florida" -- as well as money damages in the amount of $1,000,000 against each of the defendants (except the Clerk of Court, against whom only declaratory relief was sought) for the alleged civil rights violations. The complaint also raised a tortious interference claim against Judges Cope, Green, and Gersten for monetary damages in the amount of $1,000,000 each, alleging that their decision in *Sibley I* barring Mr. Sibley from future filings on behalf of his law firm intentionally and unjustifiably interfered with the business relationship between Rodriguez & Sibley, LLP and Mr. Sibley, as the firm's attorney.

In a separate order I have dismissed the plaintiffs' amended complaint with prejudice on several grounds. First, any claim for declaratory relief was barred by the so-called *Rooker-Feldman* doctrine. Second, any claims for damages against the state court judges in their individual capacity were barred by the doctrine of absolute judicial immunity. Third, any claims for damages against the State, the Third District as an arm of the State, and the judges in their official capacity were barred by the Eleventh Amendment. Finally, to the extent the plaintiffs sought prospective injunctive relief, those claims were barred, if not by *Rooker-Feldman*, by (1) Rule 12 (b) (6) for failure to state a claim;[2] (2) judicial immunity; and (3) the Eleventh Amendment. The defendants filed their motion for sanctions, prior to my ruling, pursuant to Rule 11 of the Federal Rules of Civil Procedure and/or

---

[2]Specifically, the amended complaint hinged on the plaintiffs' allegation that the Third District's decision to restrict Mr. Sibley's pro se filings was patently unconstitutional. That claim was unavailing in light of federal and state law holding that a bar on pro se filings under these circumstances is not unconstitutional. Accordingly, the plaintiffs' claims, absent the numerous jurisdictional bars and defenses of immunity, would, quite simply, fail on the merits.

the inherent power of this court, arguing that Mr. Sibley should have known that the complaint could not survive judicial immunity, Eleventh Amendment immunity, the *Rooker-Feldman* doctrine and other subject-matter jurisdictional challenges. The defendants further argue that even absent a knowledge of the law, Mr. Sibley had been alerted by the federal court and the state court in prior lawsuits that his complaint lacked any merit. I could not agree more.

ANALYSIS

"The standard for testing conduct under amended Rule 11 is reasonableness under the circumstances.'" *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003) (internal citations and quotation marks omitted). "A district court has the discretion to award Rule 11 sanctions: (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Id.* (citing to *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001).

Additionally, all federal courts have the inherent power to protect their dockets from abuse by frequent litigants so long as the measures taken are a reasonable response to the abuse and access to the courts is not entirely foreclosed. *See Cofield v. Alabama Public Serv. Comm'n*, 936 F.2d 512, 518 (11th Cir.1991). Moreover, the courts have a duty to ensure that frivolous or meritless lawsuits do not interfere with their constitutional function: "Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interest of justice." *In re McDonald*, 489 U.S. 180, 184 (1993) (barring frequent litigant and pauper from bringing further petitions for extraordinary writs unless filing fee was paid). *Accord Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir.1986) (*en banc*) ("Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.") (quoting *In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984)). This duty also extends to protecting federal litigants and their counsel from vexatious litigation. *See In re Martin-Trigona*, 737 F.2d at 1263. District courts have "considerable

discretion" in determining how to mitigate the waste of judicial resources caused by individuals who file frequent, meritless actions. *Procup*, 792 F.2d at 1074.

Mr. Sibley is no stranger to the Southern District, or the Eleventh Circuit, for that matter. Indeed, Mr. Sibley has made it a regular practice to sue, in federal court, the state judges who rule adversely to him, the Third District, the Circuit Court of the Eleventh Judicial Circuit for Dade County, and now the State of Florida. *See, e.g., Sibley v. Gersten et al.,* No. 00-3665-Civ-Moreno (dismissed on judicial immunity & lack of subject-matter jurisdiction grounds), *aff'd,* No. 00-15833 (11th Cir. Mar. 13, 2001); *Sibley v. Schwartz et al.,* No. 01-03746-Civ-King (dismissed on *Younger* grounds / discretionary refusal to entertain declaratory judgment claim), *aff'd,* No. 01-16571 (11th Cir. June 21, 2002); *Sibley v. Lando,* No. 01-2940-Civ-Ungaro (dismissed on *Younger* grounds), *aff'd,* No. 01-15644 (11th Cir. May 23, 2002); *Sibley v. Anstead et al.,* No. 03-21199-Civ-Lenard (dismissed for lack of subject-matter jurisdiction / no constitutional claims stated), *aff'd on Rooker-Feldman grounds,* No. 03-12824 (11th Cir. Oct. 23, 2003). *See also Sibley v. Lando,* No. 03-21885-Civ-Huck (case brought by Mr. Sibley on behalf of his son / dismissed on *Rooker-Feldman* grounds), *aff'd,* No. 03-14915 (11th Cir. Feb. 20, 2004); *Sibley v. Lando,* No. 03-20942-Civ-Huck (dismissed on *Rooker-Feldman* and *Younger* grounds), *aff'd,* No. 03-13340 (11th Cir. Mar. 8, 2004) (Eleventh Circuit warning Mr. Sibley against "the filing of frivolous suits and appeals in the federal courts"); *Sibley v. Lando,* No. 03-21728-Civ-Jordan (dismissed on *Rooker-Feldman* and judicial immunity grounds), *aff'd,* 437 F.3d 1067 (11th Cir. 2005); *Sibley v. Ramirez, et al.,* 04-21697-Civ-Lenard (dismissed on judicial immunity grounds), *aff'd,* No. 04-14555 (11th Cir. Jan. 18, 2005); *Sibley v. Wilson,* No. 04-21000-Civ-Moreno (dismissed on judicial immunity and abstention grounds), *aff'd,* No. 04-13995 (11th Cir. Mar. 18, 2005); *Sibley v. Levy,* 05-22175-Moreno (dismissed on grounds of, *inter alia,* preclusion principles set forth in *Exxon Mobil Corp. v. Saudi Industries Corp.,* 125 S. Ct. 1517 (2005), judicial immunity, Eleventh Amendment immunity, and qualified immunity), *dismissed on grounds appeal was frivolous,* No. 05-15699 (11 Cir. Feb. 9, 2006) (warning Mr. Sibley that "should he continue to frivolous appeals, the [Eleventh Circuit] will subject him to monetary and/or non-monetary damages."); *Sibley v. Platzer, et al.,* 05-22422-Seitz (dismissed on statute of limitations and judicial immunity grounds) (appeal pending); *Sibley v. Wilson, et al.* 06-20714-Lenard (case pending).

As far as I can tell, Mr. Sibley has not been successful in any of these actions.[3] But more importantly, the litany of unsuccessful lawsuits (all of which were resolved on motions to dismiss) against the various state judges and state courts have each yielded numerous orders and subsequent Eleventh Circuit decisions opining on the doctrines of *Rooker-Feldman*, absolute judicial immunity, and the Eleventh Amendment, among other doctrines baring these kinds of suits against judges, courts, and the State itself. Put simply, this is the eleventh time Ms. Sibley's complaint against state judges, state courts, and/or the State of Florida stemming for his dissolution proceedings in state court has been dismissed for lack of jurisdiction, and/or judicial immunity, and/or Eleventh Amendment immunity. Yet Mr. Sibley seems to have exhibited little to no regard for the numerous district court and Eleventh Circuit opinions detailing the fact that such claims are unavailing, meritless, and/or frivolous. Instead, he continues to file virtually identically suits in federal court whenever he receives an adverse ruling in his state court dissolution proceeding. I, therefore, find that sanctions against Mr. Sibley are not only appropriate, but necessary in this instance. As explained in my dismissal order, the claims in this case had no reasonable legal basis or factual basis; and Mr. Sibley was on notice that similar prior claims were meritless. *See, e.g., Bullard v. Downs*, 161 Fed. Appx. 886, 2006 WL 41278 (11th Cir. Jan. 06, 2006) (affirming sanction of $4,000 in attorneys' fees against pro see plaintiffs who filed a single complaint against a state judge and finding that the complaint filed by an a seasoned attorney and "well-educated" sociologist, who admitted to knowing about the doctrine of judicial immunity prior to filing the lawsuit, was patently frivolous).

Mr. Sibley's unrelenting efforts to seek relief in the district court – that is, to undo the state court dissolution proceedings with which he is, to say the least, dissatisfied – where no legal basis exists, has resulted in a stream of frivolous lawsuits and an infliction of abuse on judicial resources the likes of which require sanctions narrowly tailored to the over-litigiousness Mr. Sibley has exhibited in relation to his underlying dissolution case. This is particularly the case given warnings issued to Mr. Sibley by the Eleventh Circuit.

Accordingly, pursuant to Rule 11 and the court's inherent powers, Mr. Sibley is no longer permitted to file suits in the Southern District of Florida on his behalf, his son's behalf, or his firm's

---

[3]Copies of the Eleventh Circuit opinions in these cases are attached to this order.

behalf *relating to or stemming from the underlying dissolution matter originating in state court or any rulings issued in that matter*. Should Mr. Sibley wish to file such an action relating to the dissolution proceedings, he may do so *only* via the representation of counsel *not* associated with Mr. Sibley's law firm or law practice. *See Judd v. United States Dist. Court for Western Dist. Of Texas*, 528 U.S. 5, 5-6 (1999) (barring petitioner, who had filed 11 frivolous petitions for certiorari, from filing prospective pro se petitions for certiorari or extraordinary writs in non-criminal matters). In addition, Mr. Sibley must, prior to filing *any* further actions in the Souther District, post a contempt bond of $10,000 to satisfy any monetary sanctions that might be imposed against him, and must file a copy of this sanctions order with *any* complaint that he files. If the contempt bond is depleted in any way as a result of sanctions imposed, the bond must be replenished up to the amount of $10,000 before any other suit is filed. *See United States v. Maass*, 2005 WL 2298296, *2-*3, (11th Cir. Sept. 22, 2005) (noting with approval the order in *May v. Shell Oil Co.*, 2000 WL 1276943, *4 (S.D. Fla. Aug. 31, 2000), in which I required a pro se litigant to post a contempt bond before filing any further suits). Mr. Sibley is not, however, barred from filing pro se suits *unrelated* to the dissolution case. Thus, for example, should Mr. Sibley find himself involved in a real estate dispute in the Southern District of Florida unrelated to the dissolution matter, he is permitted in those circumstances to represent himself. If Mr. Sibley believes that he is financially unable to post a $10,000 bond, he may seek relief under Rule 59 by filing a motion accompanied by a detailed financial affidavit listing such things as income, assets, liabilities, etc. no later than 10 days from the date of this order.

DONE and ORDERED in chambers in Miami, Florida, this 25th day of April, 2006.

Adalberto Jordan
United States District Judge

Copy to:      All counsel of record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 04-22984-CIV-JORDAN

MONTGOMERY BLAIR SIBLEY, et al.,　　)
　　　　　　　　Plaintiffs　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
GERALD B. COPE, JR., et al.,　　　　　)
　　　　　　　　Defendants　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
_____)

**ORDER**

Mr. Sibley's motion for reconsideration of the sanctions order [D.E. 95] IS GRANTED IN PART.

After concluding that Mr. Sibley engaged in a pattern of vexatious and frivolous litigation filed in the Southern District of Florida targeted at state court judges who ruled against Mr. Sibley in his divorce proceedings, I required that Mr. Sibley post a bond in the amount of $10,000 prior to filing any further lawsuits in this district in relation to these dissolution proceedings. *See* Order Granting Motion for Sanctions [D.E. 84]. Owing to Mr. Sibley's indigent financial status, I later reduced the bond to $1,000. *See* Order [D.E. 93].

Mr. Sibley now seeks to eliminate the bond so that he may challenge a ruling of a Florida state court stemming from a probate proceeding. Because I believe the necessity to maintain a financial incentive for Mr. Sibley to refrain from any further abuses of the litigation system and because Mr. Sibley is not destitute, I will not eliminate the bond in its entirety. As I detailed in the original order imposing sanctions, Mr. Sibley, as a result of his conduct, has lost any benefit of the doubt to which he might otherwise be entitled.[1] Accordingly, Mr. Sibley must post a bond in the amount of $500 prior to filing any case in this district relating to his dissolution proceedings. I find that a $500 bond is both reasonable and affordable given Mr. Sibley's financial circumstances. He

_____

[1] The Eleventh Circuit dismissed Mr. Sibley's appeal of this order as "frivolous and entirely without merit" and noted that it had imposed its own frivolity screen on appeals filed by Mr. Sibley. *See* Order of Dismissal [D.E. 92].

currently has $100 in cash along with approximately $1,500 in his checking and savings accounts from which he can draw to finance the bond.

Accordingly, Mr. Sibley's motion seeking to reduce the bond amount is GRANTED IN PART. Prior to filing *any* further actions in the Southern District, Mr. Sibley will now be required to post a contempt bond of $500 to satisfy any monetary sanctions that might be imposed against him.  He must also file a copy of the original sanctions order and a copy of this order with *any* complaint that he files.

DONE and ORDERED in chambers in Miami, Florida, this 28th day of September, 2009.

Adalberto Jordan
United States District Judge

Copy to:        All counsel of record
                Montgomery Blair Sibley, pro se

2

**%JS 44** (Rev. 2/08)

# CIVIL COVER SHEET

FILED by GMC D.C.
INTAKE
OCT 2 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT
S.D. OF FLA. MIAMI

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS

Montgomery Blair Sibley

**09-22994**

### DEFENDANTS

Arthur L. Rothenberg, Scott M. Bernstein, David M. Gersten, Gerald B. Cope, Jr., Melvia B. Green and Juan Ramirez,

**(b)** County of Residence of First Listed Plaintiff   District of Columbia
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Montgomery Blair Sibley
3700 Massachusetts Ave, NW, #519
Washington, DC 20016

**CIV - GOLD**

Attorneys (If Known)

Unknown                     McALILEY

**(d)** Check County Where Action Arose: ✓ MIAMI- DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
     Plaintiff

✓ 3  Federal Question
     (U.S. Government Not a Party)

☐ 2  U.S. Government
     Defendant

☐ 4  Diversity
     (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                    and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

89cv22 994-GOID/McAILEY

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | of Property 21 USC 881 |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | Safety/Health |  | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | Product Liability | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 510 Motions to Vacate | ☐ 791 Empl. Ret. Inc. Security | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Sentence | Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | Accommodations | **Habeas Corpus:** |  | 26 USC 7609 | ☐ 900 Appeal of Fee Determination |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 530 General |  |  | Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
|  | Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State |
|  | ☐ 446 Amer. w/Disabilities - | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee |  | Statutes |
|  | Other | ☐ 555 Prison Condition | ☐ 465 Other Immigration |  |  |
|  | ☒ 440 Other Civil Rights |  | Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

✓ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Re-filed-(see VI below)  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S)

(See instructions second page:)

a) Re-filed Case ☐ YES ✓ NO   b) Related Cases ☐ YES ✓ NO

JUDGE                          DOCKET NUMBER

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (**Do not cite jurisdictional statutes unless diversity**):

42 U.S.C. §1983 due process violation for Denial of Access to Court, Anonymous Judicial Actors, Violation of Florida Statute §876.05 – Oath of Candidates); Violation of Fundamental Obligation of Nemo Judex Parte Sua:
LENGTH OF TRIAL via |____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes ☒ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE   10/2/09

FOR OFFICE USE ONLY
AMOUNT  $350   RECEIPT # 1009397

10/05/09